IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JAMES NAGY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00233-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, James Nagy, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claims for supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

The only disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment that has lasted twelve months or more and has prevented him from engaging in any substantial gainful activity. 42 U.S.C. § 423 (d) (1) (A); 42 U.S.C. § 1382c(3) (A) and (B).

A Social Security claimant bears the burden of proving disability. *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996). The Court finds that Plaintiff failed to meet this burden.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In opposing the ALJ's decision, Plaintiff argues that, given his nonexertional impairments, the ALJ was required to utilize a vocational expert to determine whether or not jobs existed in significant numbers that he could perform. (Pl.'s Br. 5-14.) Plaintiff is correct that testimony of a vocational expert is generally required when the burden shifts to the Commissioner and the claimant has a nonexertional impairment. *Johnston v. Shalala*, 42 F.3d 448, 452 (8th Cir. 1994). However, "[t]he exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not significantly diminish the claimant's RFC to perform the full range of activities listed in the guidelines." *Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993) (quoting *Thompson v. Bowen*, 850 F.2d 346, 349-350 (8th Cir. 1988)). "Significant" refers to whether plaintiff's nonexertional impairments preclude him from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. *Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir. 1997). Isolated occurrences will not preclude the use of the Guidelines. However, persistent nonexertional impairments preventing the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a finding. *Thompson*, 850 F.2d at 350.

Plaintiff clearly suffers from multiple impairments. He has supplied evidence that supports his allegations of disability. (Tr. 379-80.) However, the record contains competing evidence supporting the opinion of the Administrative Law Judge. For example, the Residual Functional Capacity Assessment performed by Lucy Sauer, M.D., also supports the ALJ's determination. (Tr. 371-78.) Additionally, the diagnostic tests showed only minor anomalies. (Tr. 415-16.)

Plaintiff has advanced other arguments that the Court has considered and finds to be without merit. As previously noted, Plaintiff has presented some evidence that supports his position. But it is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 13th day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE